*Zietz, Sonkin & Radin, Leo Sonkin,* Amicus Curiae.

FREDERICK J. SHURICK *vs.* AMES AMERICAN CO.

APRIL 24, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an original petition for workmen's compensation for the aggravation of an occupational disease as provided by G. L. 1956, §28-34-7. After a hearing before the trial commissioner he entered a decree in favor of the petitioner. Under such decree he was found to have a compensable injury which was disabling him and for which he was awarded compensation of $16 a week and reimbursement of all his reasonable medical and hospital charges. Upon the respondent's appeal the full commission entered a decree affirming the trial commissioner's decree. The cause is here on the respondent's appeal from the full commission's decree.

The respondent filed nine reasons in support of its appeal but at the oral argument in this court it expressly waived reasons numbered 2 and 7 and part of reason numbered 1 with reference to the finding of petitioner's total incapacity due to his injury since August 1, 1959. We need not refer specifically to its other reasons since respondent states that they raise only two issues as follows: 1. Is the commission in awarding compensation for the aggravation by an occupational disease under G. L. 1956, §28-34-7, bound to consider equally with the disease itself all other causes of disability in fixing the proportion of compensation in the ab-

sence of evidence establishing other percentages as causative factors; and 2. Does the proportion so fixed for compensation also apply in fixing the amount payable by the employer for medical and hospital charges under the statute?

It appears from the evidence that petitioner was employed in April 1959 by respondent as an inspector of rubber sheets, which employment entailed taking dirt and talc out of the sheets. In the course of his employment petitioner had to take down the sheets hanging over his head, which resulted in the talc coming down on his face and at times in his inhaling it to the point of sickness and of interference with his breathing. It is conceded that he was suffering from emphysema and that such work aggravated it. The commissioner found that this was the opinion of Drs. Brown and Chafee and that Dr. Merlino, the impartial medical examiner, indicated the same opinion in his report.

However, respondent contends that there was other medical evidence to the effect that petitioner was suffering from four other diseases which contributed to his disability. It relies specifically upon the report of Dr. Joseph G. McWilliams which states that "Mr. Shurick is suffering from chronic broncho-pulmonary disease characterized by chronic bronchitis and pulmonary emphysema, chronic arteriosclerotic heart disease characterized by angina pectoris and possibly also cor pulmonale secondary to his chronic bronchopulmonary disease, with chronic congestive (right) heart failure." Based largely on that evidence it makes the contention that petitioner's incapacity was due in part to such other diseases and therefore the commission erred in allocating 50 per cent of his incapacity to the aggravated emphysema. It claims that instead of awarding petitioner $16 a week, which is 50 per cent of maximum compensation for total incapacity, it should have awarded only one fifth or $6.40.

There is no express provision in the workmen's compensation act for the determination of the proportionate amount of compensation that should be awarded in situations similar to the one in the case at bar. But in *Hunt* v. *Builders Iron Foundry,* 76 R. I. 152, we held in substance that all causes contributing to the incapacity should be considered in making the apportionment and where there was no difference in their relative contribution they should be given equal value. Applying such principle to the findings of fact in that case we decided that since there were but two equal contributing causes of the death of the employee only 50 per cent of the compensation therefor should be apportioned to the occupational disease.

In the case at bar the commission appears to have applied the *Hunt* formula. If there were actually no more than two equally contributing causes of petitioner's total incapacity, or if on the evidence the commission found that all other possible contributing causes in the aggregate did not exceed the aggravated occupational disease, their award would be consistent with the law of the *Hunt* case and should be sustained. But respondent contends, if we understand its argument correctly, that there is no evidence in the record upon which a finding could reasonably be made that petitioner's aggravated emphysema was the causative factor for at least 50 per cent of his incapacity. In the absence of such evidence it argues that all five diseases, ailments, or symptoms from which he was suffering should be treated as equal causative factors contributing to his incapacity.

There is no express medical testimony as to the extent to which each disease or ailment contributed to the incapacity but this does not mean that there was no evidence from which the commission could reasonably infer that among all the ailments the aggravated emphysema was the dominant one. *Mascio* v. *Kaufman Development Corp.,* 87 R. I. 141. From our examination of the transcript we are

of the opinion that there is evidence from which the commission could draw such an inference. Whether petitioner's other ailments were causative factors in contributing to his incapacity were questions of fact for the commission and it apparently made no finding that they were.

However, it did find from the evidence that the aggravation of the emphysema was such a factor to the extent of 50 per cent. Whether this was based on sufficiently weighty evidence we do not inquire. *Greenville Finishing Co.* v. *Pezza,* 81 R. I. 20. Suffice it to say that there was some evidence before the commission upon which that finding could be based and therefore we cannot disturb it. The medical testimony and reports quite clearly indicate reasonable bases for the conclusion that the dominant cause of petitioner's incapacity was the aggravation of his emphysema brought on largely by the conditions of his employment. On the other hand such reports or testimony in our opinion do not tend to show that the other ailments were equal factors in contributing, if any, to petitioner's incapacity. On this issue we are, therefore, of the opinion that the commission did not err.

We now turn to the second issue. On this point we do not think that the respondent can be justly charged with the obligation to pay all of the petitioner's medical and hospital expenses regardless of whether such expenses include treatment of other ailments not compensable under the statute. The workmen's compensation act makes no provision for determining this problem. In the absence of statutory guidance in the circumstances we are of the opinion that justice to the parties will be more nearly approximated if such expenses are proportioned in the same manner as compensation. For this reason we are of the opinion that the commission erred in ordering the respondent by paragraph 2 of its decree to pay all reasonable medical and hospital charges. That order should provide for payment of 50 per cent of such charges.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed except as to paragraph 2 thereof, and as to such paragraph the appeal is sustained. Upon the filing by the petitioner's counsel of a certificate of compliance with the provisions of G. L. 1956, §28-35-32, this court will order the respondent to pay counsel a fee of $200 for services rendered in this court on behalf of the petitioner, and the cause will then be remanded to the workmen's compensation commission with direction to amend said paragraph 2 in accordance with this opinion and for further proceedings.

FROST, J., did not participate in the decision.

*Abedon, Michaelson & Stanzler, Raul L. Lovett,* for petitioner.

*Worrell & Hodge, Lee A. Worrell,* for respondent.