Carol H. CONRAD

v.

STATE OF RHODE ISLAND—MEDICAL CENTER—GENERAL HOSPITAL.

Anna MENDONCA

v.

LEVITON MANUFACTURING COMPANY.

Nos. 90–25–M.P., 90–26–M.P.

Supreme Court of Rhode Island.

June 12, 1991.

John Harnett, Providence, for plaintiffs.

William F. Buckley, Wakefield, Howard Feldman, Providence, for defendants.

## OPINION

FAY, Chief Justice.

These consolidated matters are before the Supreme Court by way of petitions of Carol H. Conrad (Conrad) and Anna Mendonca (Mendonca) (collectively referred to as petitioners) for a writ of certiorari to review a decree of the Workers' Compensation Appellate Division (appellate division) denying their requests to add statutory in-

terest to their respective awards of workers' compensation benefits.[1] The appellate division refused to consider the issue of interest because the record revealed that the issue had not previously been addressed by the Workers' Compensation Court. We are of the opinion that the court erred in failing to examine the issue of interest; therefore, we quash the decree issued by the court and remand the matter for consideration of interest regarding the awards of Conrad and Mendonca.

The fact that each petitioner has suffered injuries entitling her to receive workers' compensation benefits is not in dispute at this time. The present matter results from the appeals taken by petitioners seeking interest payments on their awards. Both Conrad and Mendonca appealed to the appellate division from a decision rendered by the Workers' Compensation Court in December 1987. The appeals were subsequently consolidated along with a third case, *Mulcahey v. New England Newspapers* (W.C.C. 85–1904). Interest on the awards of all three petitioners was denied in a decision issued on December 28, 1989. It is from this decision that Conrad and Mendonca petition this court on a writ of certiorari. Mulcahey, whose appeal had been consolidated with those of Conrad and Mendonca, has not petitioned this court for review of the decision and therefore is not a party to the matter presently before the court.

The sole issue we are considering at this time is concerned with the statutory award of interest applicable to workers' compensation benefits pursuant to G.L.1956 (1986 Reenactment) § 28–35–12(c). Section 28–35–12(c) provides as follows:

"If any determination of the workers' compensation commission entitles an employee to retroactive payment of weekly benefits, the commission shall award to

1. The final decree was issued in 1989 by the commissioners of the Workers' Compensation Commission, and the appeal thereafter was made to the appellate commission. Pursuant to P.L.1990, ch. 332, entitled "An Act Relating to Workers' Compensation," signed into law by then Governor DiPrete in July 1990, the Workers' Compensation Commission is to be known as the Workers' Compensation Court, the commissioners are to be referred to as judges, and the appellate commission is to be known as the appellate division. Therefore, for the purposes of this opinion we shall employ the proper terms as set forth in chapter 332 rather than the outdated references that appear in the briefs of the parties.

the employee interest at the rate per annum provided in § 9–21–10 of the general laws on that retroactive weekly payment from six (6) months subsequent to the date that the employee first filed a petition for benefits to the time when that retroactive payment is actually made. Provided, That if the proceedings are unduly delayed by or at the request of the employee or his or her attorney, the commissioner may reduce or eliminate interest on retroactive payment. Provided, however, That the provisions of this section as they relate to interest shall apply only to petitions filed on or after July 1, 1984."

Both Mendonca's petition W.C.C. 86–5379 and Conrad's petition W.C.C. 86–3594 were filed after July 1, 1984. Consequently they fall within the guidelines of § 28–35–12(c) and may therefore be subject to the statutory interest provided for in G.L.1956 (1985 Reenactment) § 9–21–10. Pursuant to § 9–21–10, entitled "Interest in Civil Actions," postjudgment interest is to be calculated at a rate of 12 percent per annum.

■ The petitioners assert that § 28–35–12(c), which employs the language "the court shall award to the employee interest," requires the Workers' Compensation Court to award interest payments, provided the other conditions of the statute are satisfied. In *Brown v. Amaral*, 460 A.2d 7 (R.I.1983), this court stated that "[t]he word 'shall' usually connotes the imperative and contemplates the imposition of a duty." *Id.* at 10 (quoting *Carpenter v. Smith*, 79 R.I. 326, 334–35, 89 A.2d 168, 172–73 (1952)). In accordance with this established interpretation of the word "shall" we agree with petitioners' contention that the language of § 28–35–12(c) is mandatory rather than permissive.

■ In considering the appeals, the appellate division not only failed to recognize the mandatory nature of the statute but also refused to consider the issue of interest at all. The record before the appellate division did not reference petitioners' possible interest awards. As a result the appellate-division judges concluded that they were "not at liberty to expand the record"

and that, therefore, they could not entertain the issue of interest for the first time on appeal. What the appellate division intended by this statement is not made clear in the decision. If the judges meant that failing to raise the issue of interest payments before the matter reaches the appellate level constitutes a waiver of petitioners' rights to claim such interest, the appellate division should recognize such waiver and refuse to award interest. If, however, the appellate division did not intend to create a standard of waiver by refusing to entertain the issue, the interest payments due petitioners pursuant to the statute should have been considered. As the intent of the appellate division is not obvious to this court and no definite language concerning waiver was presented in the decision, we conclude that the appellate division erred in refusing to address the issue of interest in this particular case. In this instance, therefore, the issue of interest should have been considered. Because this is the first time the question of statutory interest concerning workers' compensation benefit awards has been before this court, we limit this decision to prospective applications only. Therefore, in those cases involving the potential award of statutory interest that previously have been adjudicated by the Workers' Compensation Court, the issue of interest shall be considered waived. As stated above, our present decision results largely from the ambiguous language employed by the appellate division; therefore, as we emphasize that the current determination is unique to the express set of facts before us, we leave the clarification of the standard regarding the raise or waive issue to the Workers' Compensation Court concerning all future matters of interest.

■ Having established that the issue of interest should be addressed in this particular case, we are compelled to examine the facts presented in light of § 28–35–12(c) to determine whether interest should be awarded. Pursuant to the statute the court "shall award" interest to the petitioners at the statutory rate "unless proceedings were unduly delayed by or at the request of the employee or his or her attor-

ney." Although the record reflects that various delays in the proceedings did occur, none of the decisions issued by the Workers' Compensation Court involving Conrad and Mendonca, including the final decree with which we are presently concerned, set forth any findings that such delays constituted undue delays or were directly attributable to Conrad or Mendonca. Absent such a finding, § 28–35–12(c) mandates that the statutory interest be awarded to the petitioners pursuant to their individual awards of workers' compensation benefits. Consequently we are of the opinion that interest is warranted in the present matter.

For the reasons heretofore stated, the petition for certiorari is granted, the decree of the appellate division is quashed, and the papers in this case are remanded to the Workers' Compensation Court for consideration of interest with our opinion endorsed thereon.