Joseph **FORTE**

v.

**FERNANDO ORIGINALS, LTD.**

**No. 94–264–M.P.**

Supreme Court of Rhode Island.

Dec. 12, 1995.

Raymond Dettore, Jr., for plaintiff.

Charles J. Garganese, Jr., for defendant.

## OPINION

LEDERBERG, Justice.

This case came before the Supreme Court on a petition for certiorari by Joseph Forte (Forte or petitioner) to review a final decree entered by the Appellate Division of the Workers' Compensation Court. That decree modified the amended decree of a trial judge in respect to the amount of the petitioner's average weekly wage and the payment of the petitioner's medical expenses. In his petition for certiorari, Forte argued that the Appellate Division's modification of the decree of the Workers' Compensation Court was improper and erroneous. For the reasons stated below, we deny the petition and affirm the decree of the Appellate Division. The facts insofar as pertinent to this petition follow.

## Facts and Procedural History

Forte filed an original petition with the Department of Workers' Compensation, seeking benefits for a respiratory injury that he claimed arose from and in the course of his employment at Fernando Originals, Ltd. (respondent). After hearing testimony on April 21, 1989, June 29, 1990, August 15, 1990, February 28, 1991, and March 14, 1991, the trial judge found that petitioner had sustained a respiratory injury "arising out of and in the course of his employment with respondent" and that said injury "was caused in part, by his heavy smoking." In a decree entered on April 19, 1991, the trial judge ordered that respondent pay compensation in the amount of 50 percent of the benefits that would have been awarded had the workplace injury been totally responsible for his partial incapacity and pay all reasonable medical expenses on behalf of petitioner. The trial judge made no explicit findings regarding petitioner's average weekly wage and the date of incapacity, but he noted in his decision that petitioner's average weekly wage at the time of his disability was $300.

On April 24, 1991, respondent appealed to the Appellate Division of the Workers' Compensation Court, contending that the trial judge had erred in two respects: first, in stating that petitioner's average weekly wage was $300; second, in ordering that respondent pay all petitioner's medical bills. On March 19, 1992, the Appellate Division entered an order remanding the matter to the trial judge "for further proceedings to determine the employee's average weekly wage and the exact date on which the employee became incapacitated as a result of his occupational exposure." On remand, the trial judge found:

"1. That the petitioner sustained an injury to his respiratory system on May 13, 1988 *partly* arising out of and in the course of his employment with the respondent.

"2. That as a result of that injury, the employee became partially disabled on May 13, 1988 and continues to be so.

"3. That the average weekly wage at the time of his disability was three hundred ($300.00) dollars."

In an amended decree entered on June 23, 1992, the trial judge once again ordered that respondent pay half the compensation that would have been payable had Forte's workplace injury been the sole cause of his partial incapacity, as well as all reasonable medical expenses.

The respondent filed a timely appeal with the Appellate Division, again contending that the trial judge had erred both in finding that petitioner's average weekly wage was $300 and in ordering payment of *all* reasonable medical bills. In a final decree, entered on April 11, 1994, the Appellate Division sustained respondent's appeal and modified the trial court's amended decree by reducing Forte's average weekly wage from $300 to $213.58 and ordering that respondent pay only 50 percent of petitioner's medical expenses.

Pursuant to G.L.1956 (1986 Reenactment) § 28–35–29, Forte then filed a petition for certiorari, which this court granted on June 30, 1994.

**Standard of Review**

◼ On certiorari this court does not weigh the evidence but, rather, reviews the record to determine whether legally competent evidence supports the findings of the tribunal whose decision is under review, in this case, the Appellate Division. *Ryan v. Zoning Board of Review of New Shoreham,* 656 A.2d 612, 615 (R.I.1995); *Worcester Textile v. McIntosh,* 593 A.2d 70, 72 (R.I.1991). If such evidence exists, the Appellate Division's findings are binding upon this court, absent fraud. *Falvey v. Women and Infants Hospital,* 584 A.2d 417, 419 (R.I.1991)(citing *Carter v. ITT Royal Electric Division,* 503 A.2d 122, 124 (R.I.1986)).

**Petitioner's Average Weekly Wage at Time of Disability**

◼ On review, Forte contended that the Appellate Division erred when it modified the trial judge's finding that his average weekly wage was $300. Pursuant to G.L.1956 (1986 Reenactment) § 28–33–20, entitled "Computation of earnings," an injured worker's average weekly wage is ascertained as follows:

"[B]y dividing the gross wages earned by the injured worker in employment by the employer in whose service he [or she] is injured during the thirteen (13) calendar weeks immediately preceding the week in which he [or she] was injured, by the number of calendar weeks during which, or any portion of which, the worker was actually employed by that employer."

The trial judge declined to follow this formula because he believed that it would not account for the unpaid time that petitioner was out of work because of a work-related illness during the thirteen weeks prior to the date of incapacity. Instead, the trial judge appears to have determined petitioner's average weekly wage on the basis of petitioner's testimony that as of May 14, 1988, he was earning $300 in weekly gross wages.

Pursuant to § 28–35–28(b), the Appellate Division was required to find that the trial judge's determination of petitioner's average weekly wage was clearly erroneous before reviewing the evidence *de novo. Blecha v. Wells Fargo Guard–Company Service,* 610 A.2d 98 (R.I.1992). In the instant case, the Appellate Division implicitly determined that the trial judge had erred in relying on petitioner's testimony instead of calculating Forte's average weekly wage in accordance with § 28–33–20. Thereafter, the Appellate Division "independently weighed the evidence contained in the record" and, by utilizing a wage statement that the trial judge had admitted into evidence as respondent's exhibit No. 2 and following the procedure set forth in § 28–33–20, determined that petitioner's average weekly wage was $213.58.

We note that Forte did not explicitly claim that the actual date of incapacity was earlier than May 13, 1988, nor did he object when the trial judge set the date of incapacity as May 13, 1988, nor did he raise the issue of the date of incapacity on review.

We are of the opinion that the Appellate Division acted properly in conducting a *de novo* review and in modifying the trial

judge's calculation on the grounds that the trial judge was clearly erroneous in not following the method for computation of wages set forth in § 28–33–20. Moreover, we conclude that legally competent evidence existed to support the Appellate Division's determination of the amount of petitioner's average weekly wage.

**Payment of Petitioner's Medical Expenses**

■ The petitioner next argued that the Appellate Division erred in modifying the amended decree of the Workers' Compensation Court by directing respondent to pay only 50 percent of petitioner's medical expenses. That court had originally found that Forte's injury was partly attributable to conditions in the workplace and ordered respondent to pay *all* reasonable medical expenses. In reaching this decision, the trial judge relied on expert medical testimony from two physicians.

In a report dated December 21, 1988, and admitted into evidence by the trial judge, John A. Pella, M.D. (Pella), originally indicated that petitioner's respiratory condition was approximately 50 percent attributable to conditions in the workplace and approximately 50 percent attributable to other factors. Pella specifically mentioned Forte's heavy smoking and obesity as factors that either contributed to or exacerbated his respiratory condition. Pella subsequently changed his opinion and, on June 29, 1990, testified to a reasonable degree of medical certainty that the workplace was responsible for 60 to 65 percent of Forte's respiratory condition. Pella changed his mind on the basis of new information that pointed to the presence of certain chemical compounds in the workplace, which information Pella had obtained from the deposition of Edward Martin, M.D. (Martin), taken on February 21, 1990, and admitted into evidence at trial. Martin, however, had opined that no part of Forte's condition was attributable to the workplace and concluded that Forte's heavy smoking was the sole cause of his respiratory condition.

At the end of the trial, the trial judge, noting the conflicting medical evidence, accepted the opinions of Pella "in view of the temporal aspect of the petitioner's symptoms" and concluded that Forte's injury was caused in part by conditions in the workplace and in part by "his heavy smoking." The trial judge then ordered that respondent pay all medical expenses. The trial judge offered no rationale for his ordering payment of all medical expenses even though he had found that the workplace was only partly responsible for Forte's injury.

The respondent appealed, contending that the trial judge had erred in ordering payment of all medical expenses. On remand, the trial judge again found that petitioner's respiratory injury arose partly out of his employment with respondent and again ordered that respondent pay all reasonable medical expenses. Once again respondent appealed, contending that the trial judge had erred in ordering payment of all Forte's medical bills. On appeal, the Appellate Division sustained the trial judge's finding that petitioner's occupational exposure was partly responsible for his injury, finding specifically that Forte's disability was attributable "50% to the workplace and 50% to his own personal medical profile," which, as noted earlier, included a habit of heavy smoking and a long history of obesity. The Appellate Division then modified the amended decree of the Workers' Compensation Court and ordered respondent to pay only 50 percent of all reasonable medical bills.

In modifying the trial judge's order, the Appellate Division relied on *Shurick v. Ames American Co.*, 96 R.I. 181, 190 A.2d 217 (1963). In *Shurick*, after finding that non-work-related diseases were 50 percent responsible for an employee's total incapacity, the trial judge awarded the employee 50 percent of the maximum compensation for total incapacity, then ordered the employer to pay all medical and hospital expenses. This Court, noting that the "work[ers'] compensation act makes no provision" for the determination of the proportionate amount that should be awarded in these circumstances, held that "justice to the parties will be more nearly approximated if such [medical] expenses are proportioned in the same manner as compensation." 96 R.I. at 185, 190 A.2d at 219. In the instant case, the Appellate Division concluded that both "a review of the holdings in *Shurick* " and "com-

mon sense dictate that the respondent should be required to pay fifty (50%) percent of all reasonable medical bills."

Forte attempted to distinguish *Shurick,* arguing that the medical expenses in *Shurick* included treatment of other unrelated ailments whereas Forte's medical treatment was for a single ailment caused by several contributing factors, one of which was the workplace. We are not persuaded, however, by petitioner's argument that *Shurick* should not apply. Rather, we are of the opinion that, given the absence of any statutory guidance contrary to *Shurick,* the Appellate Division acted properly in modifying the trial court's amended decree. We are also led to conclude that the Appellate Division's modification of the amended decree was supported by legally competent evidence in the form of expert medical testimony.

The petitioner argued finally that if the medical-treatment compensation were apportioned to reflect the percentage of contributing factors, this court should substitute 60 or 65 percent for the 50 percent found by the Appellate Division. In support of this argument, the petitioner relied on Pella's later testimony that 60 to 65 percent of the petitioner's injury was attributable to conditions in the workplace. Because we have determined that legally competent evidence supported the Appellate Division's finding that the workplace contributed 50 percent to the petitioner's injury, we shall not disturb the findings of the tribunal below. Hence, we conclude that the Appellate Division correctly modified the amended decree of the Workers' Compensation Court.

Therefore, we deny the petition for certiorari, quash the writ previously issued, and affirm the decree of the Appellate Division to which the papers in the case may be returned with our decision endorsed thereon.