Susan DONNELLY

v.

TOWN OF LINCOLN.

No. 98–347–M.P.

Supreme Court of Rhode Island.

May 18, 1999.

John Hartnett, Carl J. Asprinio, Providence, for plaintiff.

Michael J. Feeney, Cranston, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

LEDERBERG, Justice.

Did the Appellate Division of the Worker' Compensation Court err in failing to consider or award the payment of interest on benefits in a case in which the Appellate Division's final decree was entered more than six years after the filing of the petition for benefits? We answer in the affirmative in this case that came before the Supreme Court on April 12, 1999, on a writ of certiorari. The petitioner, Susan Donnelly (Susan), on behalf of her deceased husband, filed a petition for workers' compensation that was denied by the Workers' Compensation Court. Her appeal was timely heard by the Appellate Division, which nearly five years later granted the petition for benefits with no interest on the award. After Susan's objection to the omission of interest was overruled, she filed a petition for certiorari with this Court. We granted the petition, and issued the writ in October 1998. We now award interest to the petitioner in accordance with the applicable statutory provisions.

## Facts and Travel

On September 13, 1991, Christopher Donnelly (Christopher) died of a cardiac arrhythmia while undergoing physical training at the Rhode Island Municipal Police Academy in preparation for becoming a police officer for the Town of Lincoln (town). On January 27, 1992, his surviving spouse, Susan, filed a petition with the Workers Compensation Commission for benefits. The petition was denied in a pretrial proceeding on February 26, 1992, after which Susan filed a claim for a trial.

After trial in the Workers' Compensation Court on August 31, 1992, and October 2, 1992, Christopher was found not to have been an employee of the town at the time of his death. A decree was entered denying benefits on October 13, 1992. Two days later, Susan appealed, and on August 2, 1993, the parties presented oral arguments to the Appellate Division. The Appellate Division, however, declined to decide the case at that time. About five years passed before the Appellate Division issued a final decree in the case on August 7, 1998, granting death benefits to Christopher's estate.

Our review of the record did not disclose a reason for the Appellate Division's inordinate delay in rendering its judgment. The record provided only a sketchy suggestion of the events that took place after the August 2, 1993 arguments before the Appellate Division. On March 23, 1994, and on April 10, 1994, Susan's attorney sent letters to a judge of the Workers' Compensation Court requesting a conference to discuss the status of the case. The docket sheet indicated only that a status conference was held on April 25, 1994.

Almost three years after that conference, on March 24, 1997, the town moved to introduce a supplemental memorandum of law to the Appellate Division. In that memorandum, the town alleged that since the time of the original hearing on August 2, 1993, several cases had been decided that supported the towns position. On

August 22, 1997, Susan's attorney filed an objection to the town's motion to introduce the supplemental memorandum, noting that "there is no need for any further delay." The same day, he also filed a motion seeking 12 percent interest on the award of benefits pursuant to G.L.1956 § 28–35–12, "in that there has been an inordinate delay in the resolution of this matter not due or caused by the petitioner or petitioner's attorney's actions." On August 28, 1997, the court granted a continuance.

Susan's motion for interest was heard by the Appellate Division on December 8, 1997. In her brief to this Court, Susan claimed that "[t]he motion was passed, at the request of [a judge] speaking on behalf of the Appellate panel, with the assurance that the issue of interest pursuant to * * * § 28–35–12(c) would be addressed in the decision." [1]

On May 13, 1998, plaintiff filed a "petition for writ of certiorari in the nature of mandamus" with this Court, requesting that we "compel the immediate issuance" of a decision in the case. On June 2, 1998, before this Court had the opportunity to rule on that petition, the Appellate Division reversed the trial judge and awarded the death benefits to Christopher's estate as provided in G.L.1956 § 28–33–12,[2] retroactive from September 13, 1991, until further order of the court. The Appellate Division's decision was issued four years and ten months after oral arguments were heard. On June 4, 1998, the office of the Attorney General moved to dismiss plaintiffs petition for a writ of certiorari in the nature of mandamus, and on June 22, 1998, the parties filed a joint stipulation that the matter was moot and withdrew the petition. By order dated June 25, 1998, we denied the mandamus petition as moot.

The Appellate Division, however, did not address or award interest on the benefits, and Susan filed an objection on that basis. On June 17, 1998, after oral arguments were heard, Susan's objection was overruled by the Appellate Division, which refused to reopen the decree. The final decree of the Appellate Division was entered on August 7, 1998, following which Susan filed with this Court a petition for certiorari. We granted the petition and issued the writ on October 22, 1998.

On appeal, the town argued that because Susan did not request interest at the time of trial, the raise-or-waive rule precluded her from succeeding in a subsequent request for interest, and interest is not recoverable for the time period in which the case was unreasonably delayed by the Appellate Division. Susan argued that the inclusion of interest in a retroactive award of benefits is mandatory pursuant to the Workers' Compensation Act and that even if the town could point to support for its argument, the raise-or-waive rule was inapplicable at the time of trial in this case. Susan also argued that fairness dictated the payment of interest. Finally, the town argued in addition that prejudgment interest could not properly be awarded against the town because of its status as a municipality.

## Standard of Review

■ This Court reviews the factual findings of the Appellate Division of the Workers' Compensation Court "to determine whether legally competent evidence supports [its] findings[.] * * * If such evidence exists, the Appellate Division's findings are binding upon this [C]ourt, absent fraud." *Forte v. Fernando Originals, Ltd.*, 667 A.2d 780, 782 (R.I.1995).

1. Susan conceded in her brief that no transcript of the December 8, 1997 Appellate Division proceeding exists. She claimed, however, that "counsel for the employer will not dispute the occurrence or content of the above mentioned conference."

2. General Laws 1956 § 28–33–12 provides for death benefits payable to the dependent family members of an employee killed as a result of a work-related injury.

## Award of Interest

General Laws 1956 § 9–21–10 governs the award of interest in civil actions. Specifically, § 9–21–10(a) provides:

"In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein."

Section 28–35–12(c) makes an award of interest pursuant to § 9–21–10 applicable to judgments of the Workers' Compensation Court when awarding retroactive payment of weekly benefits, but alters the time frame for which interest may be awarded and provides for circumstances in which an award of interest may be reduced or altogether eliminated:

"If any determination of the workers' compensation court entitles an employee to retroactive payment of weekly benefits, the court shall award to the employee interest at the rate per annum provided in § 9–21–10 on that *retroactive weekly payment* from six (6) months subsequent to the date that the employee first filed a petition for benefits to the time when that retroactive payment is actually made. Provided, that if the proceedings are unduly delayed by or at the request of the employee or his or her attorney, the judge may reduce or eliminate interest on retroactive payment." Section 28–35–12(c).

The central issue in this case is whether, if a party appearing before the Workers' Compensation Court fails to request interest, the raise-or-waive rule prohibits the award of interest. Susan argued that the inclusion of interest is mandatory pursuant to the above statutes. The Appellate Division, however, refused to amend the de-

cree, and in its order overruling Susan's objection to its failure to award interest, it stated that several relevant factors must be considered, including "whether the claim for interest was waived when it was not specifically sought, whether the withdrawal of a motion seeking interest prior to the decision of the Appellate Division constitutes a surrender of the right[,] * * * whether the award was even appropriate in cases involving death benefits rather than disability benefits[,] * * * [and] whether any delay was attributable to the petitioner's actions * * *." It is clear from its order that the Appellate Division did not consider the inclusion of interest to be mandatory. We disagree with that interpretation.

█ In 1991, this Court remanded a case to the Appellate Division with instructions to clarify the "standard regarding the raise or waive issue to the Workers Compensation Court concerning all future matters of interest." *Conrad v. State of Rhode Island—Medical Center—General Hospital,* 592 A.2d 858, 860 (R.I.1991). On remand, the Appellate Division held that *"in the future,* interest will be deemed waived unless requested on the record at trial * * *." This raise-or-waive rule was entered on November 9, 1992, and made applicable only to proceedings occurring after that date. The trial in the instant matter was completed on October 2, 1992, about a month prior to entry of the decision that followed the remand of *Conrad.* Therefore, *Conrad* 's raise-or-waive rule was not applicable to the trial at which Susan failed to request interest.[3]

Further, even if the rule in *Conrad* were applicable to this case and Susan had requested interest at the time of trial, the resulting interest would have been *de minimis.* Susan filed her application for benefits on January 28, 1992. Pursuant to

---

**3.** In *Conrad v. State of Rhode Island—Medical Center—General Hospital,* 592 A.2d 858 (R.I. 1991), the Appellate Division waited two years to issue its opinion. But for that delay,

the raise-or-waive rule would likely have been issued before the date of trial in the case at bar.

§ 28–35–12(c), interest would not have been available until six months after that date, beginning on July 28, 1992. Trial began in the Workers' Compensation Court on August 31, 1992, and that court announced its decision to deny benefits on October 2, 1992. The amount of interest that had accrued by the time of trial was therefore negligible. Moreover, as a practical matter, the issue of interest did not arise until the trial judge issued a decision adverse to petitioner. For Susan to have complied with a raise-or-waive rule in this situation, she would have had to ask the Workers' Compensation Court judge, who moments earlier had denied benefits, to take note of her request for interest in the event that his judgment would be reversed on review by the Appellate Division. More importantly, Susan's request for interest arose only because of the inordinate delay *after* trial, a delay caused by the Appellate Division. Therefore, the raise-or-waive rule made little practical sense in this case. The raise-or-waive rule, if it ever was a viable rule, had no applicability to the case at bar.

█ This case presents the first opportunity for this Court to review the raise-or-waive rule promulgated following the *Conrad* remand. Having carefully considered the issue, we are of the opinion that the applicable statutes, § 28–35–12(c) and § 9–21–10, specifically set forth the mandatory nature of an award of interest. Section 9–21–10(a) provides that "[i]n any civil action in which a verdict is rendered or a decision made for pecuniary damages, there *shall be added* by the clerk of the court to the amount of damages interest * * *." (Emphasis added.) The language of § 28–35–12(c) is also amply clear: "If any determination of the workers' compensation court entitles an employee to retroactive payment of weekly benefits, the court *shall award* to the employee interest * * *." (Emphasis added.) Section 28–35–12(c) outlines the few circumstances in which a court may reduce or eliminate interest, a fact that in our view reinforces the manda-tory nature of the preceding statutory language. In consequence of the unambiguous statutory language, we hold that a petitioner need not request interest in order to receive it. Pursuant to either of the above statutes, interest is automatically calculated and added to a judgment when appropriate. Therefore, the raise-or-waive rule is inapplicable not only to this case, but to all cases governed by § 9–21–10 or § 28–35–12(c).

In a prior case, this Court affirmed the Appellate Division's modification of an interest award, despite the mandatory language of the applicable statutes. That case, however, is readily distinguishable from the case at bar. In *Bienkowski v. Derecktor*, 651 A.2d 1241, 1242 (R.I.1994), the death of a trial judge caused a lengthy delay between trial and the rendering of a decision. In its delayed decision, the Workers' Compensation Court awarded interest, but the Appellate Division modified the award to include interest "only for the period of time that the parties 'might reasonably have expected' a decision by the court * * *." *Id.* The Appellate Division explained that because "the Workers' Compensation Court is a court of equity," it could amend the interest award under its inherent power to recognize when unusual circumstances call for an unusual decision. *Id.* We upheld the decision of the Appellate Division on the basis that "the Legislature clearly did not anticipate the repercussions of such an event[,]" and we determined that "the Appellate Division was justified in modifying the award of interest * * * [and thereby] fulfilled the basic intent of the statute." *Id.* The Appellate Division in *Bienkowski* thus fashioned an unusual remedy to address an unusual situation.

In the case at bar, the Appellate Division was itself responsible for the extended delay, a delay that triggered Susan's request for interest. The record failed to disclose any justification for this delay, and Susan alleged that a member of the Appellate Division asked to pass on the motion

for interest while assuring Susan that it would be addressed in the decision. Although the Appellate Division, in overruling Susan's objection in this matter, pointed out that the decision whether to award or deny interest required consideration of several relevant factors, see *ante,* no discussion of any of them was incorporated in its thirteen-page opinion.

In its order overruling Susan's objection to its failure to award interest, the Appellate Division explained that "the provisions of the Rhode Island Workers' Compensation Act do not allow for the reopening of an appeal following the entry of a Final Decree of the Appellate Division. The only authority for reopening a decree following its entry may be found in Rule 1.5 of the Workers' Compensation Court Rules of Procedure [*sic* ]." The Appellate Division held that under Rule 1.5 of the Workers' Compensation Court Rules of Practice, which authorizes the amendment of decrees to correct errors, the panel was unable to amend the decree. The text of the rule states:

> "**Relief of Error in Decrees or Orders—Clerical mistakes.**—Clerical mistakes in decisions, orders, or other parts of the record, and *errors* therein *arising from oversight or omission, may be corrected by the Judge* at any time on the Judge's own initiative or *on the motion of any party filed before the decree is entered,* and after such notice, if any, as the Judge orders." (Emphases added.)

In the instant case, Susan's objection to the omission of interest from the award of benefits was filed on June 11, 1998, and the final decree of the Appellate Division was not entered until August 7, 1998. Therefore, because the objection was filed before the decree was entered, Rule 1.5 would not have prevented the Appellate Division from amending the decree if it deemed that the award of interest was appropriate.

Finally, the town argued that prejudgment interest could not be imposed because the town is a municipality. This Court has held that the "doctrine of sovereign immunity insulates the state from the payment of interest in the absence of a waiver of immunity by express statutory language or by necessary implication therefrom." *Reagan Construction Corp. v. Mayer,* 712 A.2d 372, 373 (R.I.1998).

The town based its position on our prior cases, including *Andrade v. State,* 448 A.2d 1293 (R.I.1982), and *Matarese v. Dunham,* 689 A.2d 1057 (R.I.1997), which held that the prejudgment interest statute, § 9–21–10, was inapplicable to judgments against the state or a city under the State Tort Claims Act or the Governmental Tort Liability Act, respectively, because of insufficient evidence of a waiver of sovereign immunity in either case. *Matarese,* 689 A.2d at 1058; *Andrade,* 448 A.2d at 1295. But in the instant case, there is ample evidence that the town waived sovereign immunity such that it would be vulnerable to an award of interest. The town voluntarily joined the Workers' Compensation system, and in so doing, received the advantages of partaking of that system. The Workers' Compensation Act, however, specifically provides for the payment of interest on workers' compensation benefits. Therefore, we hold that the town waived its sovereign immunity and thus is not insulated from an award of interest. Moreover, because *Andrade* and *Matarese* involved tort liability, the rules promulgated therein are inapplicable to the case at bar.

The town also argued on fairness grounds that an employer who was not responsible for the delay that gave rise to the demand for interest should not be compelled to pay interest. The town or its insurer, however, enjoyed full use of the funds during the pendency of the action, presumably earning interest or a fair return during that time.

We therefore grant the petition for certiorari. The decree of the Appellate Division is amended by adding to the award of benefits interest in accordance with the

mandatory language of §§ 9–21–10 and 28–35–12(c). Accordingly, we remand this case to the Appellate Division of the Workers' Compensation Court with our opinion duly endorsed thereon.