Manuel **REZENDES**

v.

**AMERICAN INSULATED WIRE.**

No. 99–125–M.P.

Supreme Court of Rhode Island.

April 17, 2000.

Robert Smith Thurston, Stephen J. Dennis, Providence.

Diana E. Pearson, East Greenwich.

### ORDER

This case came before the Court for oral argument on April 3, 2000, pursuant to an order that directed the parties to appear and show cause why the issues raised by this appeal should not be summarily decided. The petitioner sought review of a final decree of the Appellate Division of the Workers' Compensation Court (WCC) holding that the employee's light duty position was not suitable alternative employment (SAE) as set forth in G.L.1956 § 28–33–18.2. After having considered the memoranda filed by the parties and the argu-

ments of counsel, we are of the opinion that cause has not been shown, and that the issues raised in this petition for certiorari should be decided at this time.

The facts of the case insofar as pertinent to this petition for certiorari are as follows. The employee, Manuel Rezendes (Rezendes or employee), worked as a machine operator for the employer, American Insulated Wire (AIW or employer), since 1979. Rezendes suffered an on-the-job injury on July 23, 1988, and received weekly compensation benefits in accordance with the Rhode Island Workers' Compensation Act. In 1991, Rezendes' employer, AIW, sent him a letter notifying him of the availability of a "light-duty" job pursuant to his restrictions from his treating physician. The letter specified the requirements of the job, his pay rate, and the time frame for responding to the offer. Rezendes accepted the job offer, and he continues to work in this light-duty capacity. Rezendes did not forfeit any of his pre-injury "fringe benefits."

On January 16, 1998, Rezendes filed a petition with the WCC seeking to establish that his light-duty job as a security guard with AIW constituted SAE with all of its protections pursuant to § 28–33–18.2. In May 1998, Rezendes sent notice of his light-duty job to the Director of the Department of Labor (director) as required by § 29–33–18.2(a). The trial judge denied Rezendes' petition, finding that he had failed to prove that he was working in a SAE position because of a lack of mutual assent between himself and AIW.[1]

On appeal, the Appellate Division of the WCC (Appellate Division) affirmed the trial judge, reasoning that Rezendes had failed to meet the requirements of § 28–33–18.2 by allowing seven years to pass, and by filing a petition with the WCC before notifying the director. The Appellate Division relied, significantly, upon this Court's decisions in *Riffenburg v. Kent County Memorial Hospital*, 715 A.2d 1281

(R.I.1998), and *Pion v. Bess Eaton Donuts Flour Co.*, 637 A.2d 367 (R.I.1994). The employee contends that his case is directly on point with *Riffenburg*, and that the Appellate Division erred in its interpretation of *Riffenburg* when it declined to hold that he qualified for SAE. The employee also argues that the WCC erred by failing to find that the light-duty job constituted SAE without regard to mutual assent or notice.

This Court's standard of review on certiorari is not to weigh the evidence, but to review the record to determine whether legally competent evidence exists to support the findings of the Appellate Division. *See Forte v. Fernando Originals, Ltd.*, 667 A.2d 780, 782 (R.I.1995). Upon review of the record in this case, we conclude that the Appellate Division did not err in holding that Rezendes had failed to meet the requirements for SAE. Our decision is largely controlled by *Pion*, and to some extent *Riffenburg*.

Section 28–33–18.2(a) sets forth the required elements for a proposed job offer to constitute SAE. This section provides:

> "When an employee has sustained an injury which entitles the employee to receive benefits pursuant to § 28–33–18 or 28–34–3, the employee may become capable of suitable alternative employment as determined by the workers' compensation court, or may be offered suitable alternative employment *as agreed to by the employee and employer with written notice to the director.*" (Emphasis added.)

In *Pion*, we identified these elements as "mutual assent, suitability, and alternateness", and "notice to the director of labor." *Pion*, 637 A.2d at 372. Rezendes asserts that the Appellate Division misconstrued the notice requirement to mean notice to the employer in order to satisfy the mutual assent requirement. The Appellate Division stated:

---

1. We note that the trial judge made her decision prior to this Court's ruling in *Riffenburg* v. *Kent County Memorial Hospital*, 715 A.2d 1281 (R.I.1998).

"The employee's contention that notice can be made to the director after the employee has commenced a SAE petition in this Court would, in our view, eviscerate the notice requirement. It runs counter to the legislative intent, as determined by our Supreme Court, to put the employer on notice that the employee regards *all of the elements* of SAE as in place, and that the possibility exists that this Court will support the employee."

In *Riffenburg*, we stated that "mutual assent," as referred to in *Pion*, "concerns an offer by the employer and an acceptance by the employee to return to work that is different from his or her preinjury employment." *Riffenburg*, 715 A.2d at 1283. In the instant case, we acknowledge that Rezendes' employment resulted from an offer and an acceptance of a light-duty job. However, we observe that the employer denied the existence of formal mutual assent on the grounds that it did not characterize the job as SAE, but rather, light-duty. Rather, the letter, dated April 11, 1991, alerted Rezendes to the *availability* of a position as a security guard. This situation is analogous to the one we encountered in *Riffenburg*. However, there, the employee filed her notice with the Director eight months after requesting, and receiving a refusal by her employer, to classify the position as SAE. We reiterate the principle enunciated in *Pion*. Even assuming, *arguendo*, that mutual assent could be inferred from the facts of this case, we cannot ignore the other element—notice—which we held in *Pion* to be a "crucial" requirement. *Pion*, 637 A.2d at 372.

In support of his argument that he complied with the notice requirement seven years after commencing his light-duty job, Rezendes asserts that § 28–33–18.2 does not contemplate a time frame for giving notice. In the absence of such a specified period, we construe the notice requirement to be performed within a reasonable time. Such a construction is consonant with the plain language of § 28–33–18.2. The Legislature specifically provided that an employee may be "offered suitable alternative employment as agreed to by the employee and employer *with* written notice to the director." Section 28–33–18.2(a). (Emphasis added.) The preposition "with" is defined *inter alia* as "expressing * * * accompanying conditions." The Oxford Dictionary and Thesaurus 1765 (American ed.1996). We construe the language of the statute to mean that the Legislature intended that notice to the director accompany mutual assent, or at a minimum, be given within a reasonable time from accepting an offer of a light-duty job.

In the alternative, Rezendes argues that irrespective of the presence of mutual assent and notice, the WCC erred by failing to make a determination of SAE because his light-duty job constituted SAE as defined in G.L.1956 § 28–29–2(10). This section provides in pertinent part:

"'Suitable alternative employment' means employment or an actual offer of employment which the employee is physically able to perform * * * and which bears a reasonable relationship to the employee's qualifications, background, education, and training."

While the record may contain evidence of suitability and alternative characteristics, we cannot overlook that the other elements—notice and mutual assent—are missing. We do, however, note that the WCC may determine the offered position to be SAE following a refusal of the job offer by the employee, or a refusal to classify the alternative position as SAE by the employer. *See Riffenburg*, 715 A.2d at 1283; *Oladapo v. Charlesgate Nursing Corp.*, 590 A.2d 405, 407 (R.I.1991).

The facts of the instant case do not fall within either of the situations contemplated by § 28–33–18.2. Rezendes neither refused an offer of SAE, nor did he request, as the employee in *Riffenburg* did by way of notice, that his employer characterize the offered job as SAE. Where an employee makes a unilateral determination that a

job constitutes SAE, the minimum that is required is for the employee to give notice to the director within a reasonable time. We are of the opinion that there is no basis in the circumstances of this case to render a seven-year delay reasonable.

Consequently, the employee's petition for certiorari is denied, and the writ heretofore issued is quashed. The decree of the Appellate Division is affirmed. The papers in the case may be remanded to the Workers' Compensation Court with our decision endorsed thereon.